**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FOR LAUDERDALE DIVISION**

**ASEONG KO, on behalf of himself**
**and others similarly situated,**
**Plaintiff(s),**

**CASE NO.: 26-CV-60842-DMM**

**v.**

**MYUNG GA TOFU & BBQ**
**RESTAURANT OF FLORIDA, INC.,**
**d/b/a MYUNG GA TOFU & BARBEQUE,**
**COREAN FOOD WESTON, LLC, and**
**DONG HYUN KIM a/k/a**
**NICKY KIM,**
**Defendants.**
______________________________________/

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, ASEONG KO ("KO"), individually and on behalf of all others similarly situated individuals, by and through the undersigned counsel, brings this First Amended Collective and Class Action Complaint and Demand for Jury Trial against Defendants MYUNG GA TOFU & BBQ RESTAURANT OF FLORIDA, INC., d/b/a MYUNG GA TOFU & BARBECUE, COREAN FOOD WESTON, LLC, and DONG HYUN KIM a/k/a NICKY KIM (collectively, "Defendants"), on a collective basis pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and on a class-wide basis pursuant to Fla. Const. Art. X § 24.

## INTRODUCTION

1. The FLSA is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its purposes, the FLSA requires three things. First, the FLSA requires payment of minimum wages. 29 U.S.C. § 206(a). Second, the FLSA requires overtime pay for covered employers whose employees work in excess of 40 hours per workweek. 29 U.S.C. 207(a). And third, the FLSA establishes minimum recordkeeping requirements for covered employers. 29 U.S.C. § 211(a); 29 U.S.C § 516.2(a)(7).
2. The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).
3. To the extent any partial payments have been made by Defendants to Plaintiff of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiff and against Defendants as well as all remaining damages, including but not limited to liquidated damages and

reasonable attorneys' fees and costs. *See id.*

4. Likewise, Fla. Const. Art. X § 24 provides a constitutional right to payment of minimum wages.

5. Plaintiff, and other current and former similarly situated employees, are hourly paid servers who worked for Defendants. Due to Defendants' policies and procedures, as described more fully herein, Plaintiff and other current and former similarly situated employees were/are deprived of complete minimum wages for all hours worked.

6. Additionally, Defendants operated an unlawful tip pool and engaged in improper tip practices, including retaining a portion of Plaintiff's and similarly situated servers' tips, requiring Plaintiff and similarly situated servers to share their tips with employees who are not "customarily and regularly tipped employees," and permitting Defendants' owners and/or their family members to participate in and receive distributions from the tip pool.

7. Plaintiff brings this action under the FLSA individually and on behalf of all other similarly situated current and former servers who have been employed by Defendants ("Putative Collective Members") at any time from three years preceding the filing of this action through the final disposition of this matter. These class members should be informed of the pendency of this action and apprised of their rights.

8. Plaintiff brings this action under the Florida Constitution individually and on behalf of all other similarly situated current and former servers who have been employed by Defendants ("Putative Class Members"), at any time from five years preceding the filing of this action through the final disposition of this matter.

**PARTIES**

9. Plaintiff, ASEONG KO ("Plaintiff"), is an individual residing in Broward County, Florida, who was employed by Defendants as a server at Defendants' restaurant located in Weston, Broward County, Florida from approximately February 2024 through November 2025.

10. The Putative Class/Collective Members consist of Defendants' current and former servers who performed the same or similar duties as Plaintiff and who were subjected to the same or similar compensation policies and pay practices complained of herein at any time during the applicable statutory period preceding the filing of this action through the final disposition of this matter.

11. Defendant MYUNG GA TOFU & BBQ RESTAURANT OF FLORIDA, INC., d/b/a MYUNG GA TOFU & BARBEQUE, is a Florida profit corporation organized and existing under the laws of the State of Florida and, at all material times, acted as an employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and Article X, Section 24 of the Florida Constitution in relation to Plaintiff and the Putative Class/Collective Members.

12. Defendant COREAN FOOD WESTON, LLC is a Florida limited liability company which, upon information and belief, administered and/or operated payroll and wage-payment functions for the restaurant and, at all material times, acted directly or indirectly in the interest of Defendants in relation to Plaintiff and the Putative Class/Collective Members.

13. Defendant DONG HYUN KIM a/k/a NICKY KIM, at all material times material hereto, exercised operational control over Defendants' business operations, payroll administration, employee compensation practices, hiring and firing decisions, tip-pool policies, employee scheduling, supervision of employees, and day-to-day employment matters, and therefore acted directly or indirectly in the interest of Defendants in relation to Plaintiff and the Putative Class/Collective Members within the meaning of 29 U.S.C. § 203(d).

14. At all material times, Defendants jointly employed Plaintiff and the Putative Class/Collective Members and operated as a single integrated enterprise with common ownership, management, operational control, payroll administration, employment policies, and business purpose.

15. At all material times, Defendants acted as joint employers of Plaintiff and the Putative Class/Collective Members and are jointly and severally liable for the wage-and-hour violations alleged herein.

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction over the FLSA claim pursuant

to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–219.

17. This Court has supplemental jurisdiction over the additional Fla. Const. Art. X § 24 claim pursuant to 28 U.S.C. § 1367 and the claims form part of the same case or controversy.

18. This Court has personal jurisdiction over Defendants because, at all material times, Defendants conducted substantial business activities within the State of Florida, employed Plaintiff and similarly situated employees within this District, and committed the acts and omissions giving rise to the claims alleged herein in the State of Florida.

19. Venue is proper in the Southern District of Florida because this is a judicial district where a substantial part of the events or omissions giving rise to the claims occurred.

20. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## COVERAGE

21. At all material times, Defendants have been an employer within the meaning of section 203(d) of the FLSA and Fla. Const. Art. X § 24, which is defined to include any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).[1]

22. At all material times, Defendants have been an enterprise in commerce or in

[1] Fla. Const. Art. X § 24 incorporates the provisions of the FLSA.

the production of goods for commerce within the meaning of section 203(s)(l) of the FLSA and Fla. Const. Art. X § 24 because they have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

23. At all material times, Plaintiff and the Putative Class/Collective Members are (or were) employees who engaged in commerce or in the production of goods for commerce as to their respective employment with Defendants as required by sections 206 and 207 of the FLSA and Fla. Const. Art. X § 24 by running credit card transactions and handling goods such as napkins, silverware, appliances, food items, and restaurant equipment which had travelled in interstate commerce on a daily basis.

24. At all material times, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard of $500,000.00.

25. During Plaintiff's employment with Defendants, Defendants employed/employs at least two employees who handled goods, materials and supplies which travelled in interstate commerce, such as napkins, silverware, appliances, food items, and restaurant equipment, and other items used to run the business.

26. Therefore, at all material times relevant to this action, Defendants constituted an enterprise covered by the FLSA and Fla. Const. Art. X § 24, and as defined by 29 U.S.C. §§ 203(r) and 203(s).

27. Additionally, Plaintiff and the Putative Class/Collective members were

individually engaged in interstate commerce during their employment with Defendants as a result of their routine and daily use of credit card machines that transmitted communications across state lines and as a result of their routine and regular handling of goods, materials and supplies which had travelled in interstate commerce.

**GENERAL ALLEGATIONS**

28. Defendants' compensation policies and pay practices violated and continue to violate the FLSA and Fla. Const. Art. X § 24 by failing to pay Plaintiff and the Putative Class Members all required minimum wages, unlawfully retaining employee tips, and improperly taking a tip credit through unlawful tip-pool and tip-distribution practices.

29. Investigation has revealed systemic violations of the FLSA, 29 U.S.C. § 201 et seq., affecting not only Mr. Ko but the serving staff as a whole. Specifically, each Tipped Worker was denied proper minimum wages pursuant to Article X, Section 24 of the Florida Constitution.

30. From approximately late February 2024 through March 2025, servers received no base hourly wage despite regularly working multiple weekday and weekend shifts.

31. Subsequently, from March 2025 through November 2025, servers were paid only $6.00 per hour.

32. While a $6.00 cash wage might technically satisfy federal requirements if a

valid tip credit were applicable, no such credit exists here. No valid tip credit notice was provided as required under 29 U.S.C. § 203(m).

33. Moreover, unlawful tip practices, including the retention of tip percentages and management participation in tip distribution, independently invalidate any claimed tip credit. Consequently, the $6.00 hourly rate fails to satisfy FLSA requirements and falls well below the higher minimum wage mandated by Article X, Section 24 of the Florida Constitution.

34. Compounding these violations, Tipped Workers were required to participate in an improper tip pool arrangement that included ineligible employees.

35. From the time of Defendants' acquisition of the business through early 2025, approximately 15% of employee tips were retained, purportedly for redistribution to kitchen staff. Following employee objections, this deduction was reduced to approximately 8%, which servers understand continues to be deducted today.

36. Defendants paid Plaintiff and the Putative Class/Collective Members a sub-minimum wage, utilizing a "tip credit."

37. Defendants required Plaintiff and the Putative Class/Collective Members to share a portion of their tips with Defendants' managers and other employees who are not "customarily and regularly tipped employees."

38. Federal law expressly prohibits employers, managers, and owners from keeping any portion of employee tips. 29 U.S.C. § 203(m)(2)(B). Any tip pool

that includes an owner or manager invalidates the tip credit and constitutes an independent violation.

39. Furthermore, when Defendants' owners and/or their family members worked alongside servers, they personally participated in tip distribution, which is likewise impermissible. The law prohibits any arrangement between the employer and tipped employee whereby any part of the tips received becomes the property of the employer.

40. As a result of these improper common policies and practices, Defendants illegally took a tip credit under federal and state law and must repay the tip credit to Plaintiff and the Putative Class/Collective Members.

41. Pursuant to the FLSA and Fla. Const. Art. X § 24, which incorporates the provisions of the FLSA, all tips are the sole property of the employee regardless of whether the employer takes a tip credit. The law also prohibits any arrangement between the employer and tipped employee whereby any part of the tips received becomes the property of the employer. For example, even where a tipped employee receives at least the full minimum wage, the employee may not be required to turn over his or her tips to the employer or the employer’s managers.

42. Even where a tipped employee receives the tip-credited wage, the law prohibits any arrangement between the employer and tipped employee whereby any part of the tips received is shared with other employees who are

not "customarily and regularly tipped employees."

43. Defendants violated the FLSA and Fla. Const. Art. X § 24 by unlawfully retaining employee tips and/or distributing employee tips to owners, managers, and other individuals who were not legally permitted to participate in the tip pool, thereby depriving Plaintiff and similarly situated servers of tips rightfully belonging to them.

44. Defendants' violations of the FLSA and Fla. Const. Art. X § 24 were willful, knowing, intentional, and/or committed with reckless disregard for the requirements of federal and state wage-and-hour laws, including the laws governing minimum wages, tip credits, tip retention, and tip-pool practices.

45. As a result of these improper common policies and practices, Defendants illegally took a tip credit under federal and state law and must repay the tip credit to Plaintiff and the Putative Class/Collective Members.

46. Additionally, because tips are the sole property of the employee Defendants must also repay the illegally withheld tips to Plaintiff and all Putative Class/Collective Members.

47. Prior to filing the instant lawsuit, Plaintiff sent a minimum wage demand letter to Defendants, putting Defendants on notice of the minimum wage violations alleged herein and asserting Plaintiff's protected rights under the FLSA and Florida law.

48. Upon receiving the minimum wage demand letter, Defendants initiated a

malicious campaign of retaliation against Plaintiff in an effort to impede Plaintiff and other Putative Class/Collective Members from pursuing their rights under the FLSA and Florida law.

49. Specifically, Defendants began contacting Plaintiff's current and prospective future employers. During these communications, Defendants threatened to seek "revenge" against Plaintiff for pursuing his legal rights to fair wages.

50. Defendants' actions were deliberate, unprovoked, and designed to intimidate Plaintiff, cause him extreme economic and reputational harm, and chill the exercise of his federally protected rights under the FLSA.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

51. Plaintiff brings the first cause of action as a collective action on behalf of a collective of individuals similarly situated. Specifically, Plaintiff brings these claims under the FLSA as a collective action and will request the Court to grant conditional certification under 29 U.S.C. § 216(b), and to order notices to potential opt-in individuals who are or were employed by Defendants as servers within three (3) years prior to the commencement of this lawsuit (the "FLSA Collective").

52. Potential opt-in members of the collective action are similarly situated to Plaintiff. They all held the same/similar job positions and had substantially similar job requirements and pay provisions with Defendants. They are or were subject to the same common practices, policies, and plans of Defendants. They

all suffered damages in the nature of lost minimum wages, tips, and other damages resulting from the wrongful conduct of their respective employer-Defendants.

**FLORIDA CLASS ACTION ALLEGATIONS**

53. Plaintiff brings the second cause of action, the Florida Constitutional claim, as an opt-out class action under Rule 23 of the Federal Rules of Civil Procedure, individually and on behalf of all similarly situated current and former individuals employed by Defendants as servers within five (5) years prior to the commencement of this lawsuit. ("FL Rule 23 Class").

54. Upon information and belief, this action satisfies the requirements of Rule 23(a), FED. R. CIV. P., as alleged in the following particulars:

a. The proposed FL Rule 23 Class is so numerous that joinder of all individual members in this action is impracticable, and the disposition of their claims as a class will benefit the parties and the Court;

b. There are questions of law and/or facts common to the members of the proposed FL Rule 23 Class;

c. The claims of Plaintiff, the representative of the proposed FL Rule 23 Class, are typical of the claims of the proposed FL Rule 23 Class; and

d. Plaintiff, the representative of the proposed FL Rule 23 Class, will fairly and adequately protect the interests of the FL Rule 23 Class.

55. In addition, upon information and belief, this action satisfies one or more of the requirements of Fed. R. Civ. P. 23(b), because the questions of law and/or fact common to the members of the proposed FL Rule 23 Class predominate over any questions affecting only individual members.

56. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual FL Rule 23 Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual FL Rule 23 Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The

prosecution of separate actions by individual FL Rule 23 Class Members would create a risk of inconsistent and/or varying adjudications with respect to the individual FL Rule 23 Class Members, establishing incompatible standards of conduct for Defendant and resulting in impairment of the FL Rule 23 Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

57. Upon information and belief, Defendants violated and continues to violate Fla. Const. Art. X § 24. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

58. This action against Defendants is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

**<u>COUNT I – RECOVERY OF MINIMUM WAGES (29 U.S.C. § 206)</u>**

59. Plaintiff and the Putative Collective Members incorporate by reference paragraphs 1-58 as though fully and completely set forth herein.

60. At all material times, Defendants acted as joint employers of Plaintiff and the Putative Collective/Class Members.

61. Plaintiff and the Putative Collective Members are/were entitled to all tips earned by them during their employment with Defendants.

62. Plaintiff and the Putative Collective Members are/were entitled to be paid full minimum wages for each hour worked during their employment with Defendants.

63. Plaintiff and the Putative Collective Members did not receive all tips earned by them during their employment with Defendants.

64. Plaintiff and the Putative Collective Members did not receive the full minimum wage contrary to the FLSA as a result of Defendants' improper practice and policy of improperly retaining their tips and/or requiring them to share tips/contribute to a tip pool that included employees who do not customarily receive tips.

65. As a result of Defendants' improper policy(s) and practice(s), Plaintiff and the Putative Collective Members have not received the full amount of tips earned by them during one or more weeks during their employment with Defendants.

66. As a result of Defendants' improper policy(s) and practice(s), Plaintiff and the Putative Collective Members have not been properly compensated the

statutory minimum wage for all hours worked per week during their employment with Defendants.

67. As a result of Defendants' improper policy(s) and practice(s), Plaintiffs and the Putative Collective Members are entitled to return of the tip credit taken by Defendants.

68. Defendants willfully failed to pay Plaintiff and the Putative Collective Members the statutory minimum wage during the subject period of work contrary to the FLSA.

69. As a direct and proximate result of Defendants' deliberate nonpayment of wages/tips, Plaintiff and the Putative Collective Members have been damaged in the loss of tips for the subject weeks that they worked for the Defendants.

70. As a direct and proximate result of Defendants' deliberate nonpayment of wages, Plaintiff and the Putative Collective Members have been damaged in the loss of minimum wages and tips for the subject weeks that they worked for the Defendants.

71. As a result of Defendants' willful violation of the FLSA, Plaintiff and the Putative Collective Members are entitled to liquidated damages and reasonable attorneys' fees and costs.

**WHEREFORE**, Plaintiff demands an Order awarding:

(a) payment to Plaintiff and all Putative Collective Members of the tips improperly retained by Defendants;

(b) payment to Plaintiff and all Putative Collective Members of full minimum wages (i.e. return of the tip credit) for all hours worked at the correct rate pursuant to the FLSA;

(c) an equal amount of liquidated damages, or in the alternative pre-judgment and post-judgment interest at the highest rate allowed by law;

(d) reasonable attorneys' fees and costs for all time worked by the attorneys for Plaintiffs in prosecuting this case pursuant to the FLSA; and

(e) any other relief this Court deems just and proper.

**COUNT II – RECOVERY OF MINIMUM WAGES**
**(FLA. CONST. ART. X § 24)**

72. Plaintiff and the Putative Class Members incorporate by reference paragraphs 1-71 as though fully and completely set forth herein.

73. At all material times, Defendants acted as joint employers of Plaintiff and the Putative Collective/Class Members.

74. Plaintiff and the Putative Class Members are/were entitled to all tips earned by them during their employment with Defendants.

75. Plaintiff and the Putative Class Members are/were entitled to be paid full minimum wages for each hour during their employment with Defendants.

76. Plaintiff and the Putative Class Members did not receive all tips earned by them during their employment with Defendants.

77. Plaintiff and the Putative Class Members did not receive the full minimum wage contrary to Fla. Const. Art. X § 24 as a result of Defendants' improper practice and policy of requiring them to share tips/contribute to a tip pool that included employees who do not customarily receive tips.

78. Plaintiff and the Putative Class Members did not receive the full minimum wage contrary to Fla. Const. Art. X § 24 as a result of Defendants' improper practice of improperly retaining a share of their tips.

79. As a result of Defendants' improper policy(s) and practice(s), Plaintiff and the Putative Class Members have not received the full amount of tips earned by them during one or more weeks during their employment with Defendants.

80. As a result of Defendants' improper policy(s) and practice(s), Plaintiff and the Putative Class Members have not been properly compensated the statutory minimum wage for all hours worked per week during their employment with Defendants.

81. Defendants willfully failed to pay Plaintiff and the Putative Class Members the statutory minimum wage during the subject period of work contrary to Fla. Const. Art. X § 24.

82. As a direct and proximate result of Defendants' deliberate nonpayment of wages/tips, Plaintiff and the Putative Class Members have been damaged in the loss of minimum wages and tips for the subject weeks that they worked for the Defendant.

83. As a result of Defendants' willful violation of Fla. Const. Art. X § 24, Plaintiff and the Putative Class Members are entitled to liquidated damages and reasonable attorneys' fees and costs.

84. Plaintiff complied with any and all requirements prior to the filing of this Complaint for Florida minimum wages.

**WHEREFORE**, Plaintiff demands an Order awarding:

(a) payment to Plaintiff and all Putative Class Members of the tips improperly retained by Defendants;

(b) payment to Plaintiff and all Putative Class Members of full minimum wages (i.e. return of the tip credit) for all hours worked at the correct rate pursuant to Fla. Const. Art. X § 24;

(c) an equal amount of liquidated damages, or in the alternative pre-judgment and post-judgment interest at the highest rate allowed by law;

(d) reasonable attorneys' fees and costs for all time worked by the attorneys for Plaintiff in prosecuting this case pursuant to Fla. Const. Art. X § 24; and

(e) any other relief this Court deems just and proper.

**COUNT III - RETALIATION IN VIOLATION OF FLSA 29 U.S.C.§215(a)(3)**

85. Plaintiff reallege and incorporate by reference paragraphs 1-77 as though fully and completely set forth herein.

86. The FLSA prohibits employers from discharging or otherwise retaliating

against any employee because such employee has engaged in protected activity, including asserting rights to recover unpaid wages, filing complaints, or instituting proceedings under the FLSA. 29 U.S.C. § 215(a)(3).

87. Prior to filing the instant lawsuit, Plaintiff engaged in protected activity under the FLSA and Florida law by asserting his rights to recover unpaid minimum wages and unlawfully retained tips, including by sending a formal demand letter to Defendants outlining the violations at issue.

88. Defendants had actual knowledge of Plaintiff's protected activity, as the demand letter was directed to and received by Defendants and/or their owners and management personnel.

89. Following Plaintiff's protected activity, Defendants, through their owners and/or agents, engaged in materially adverse actions against Plaintiff. Specifically, Defendants contacted Plaintiff's current and prospective employers and made statements intended to interfere with Plaintiff's employment and future employment opportunities, including threats to seek "revenge" against Plaintiff for asserting his legal rights.

90. Defendants' conduct was intentional, malicious, and designed to punish Plaintiff for engaging in protected activity and to deter Plaintiff and other similarly situated employees from asserting their rights under the FLSA.

91. Defendants' actions would dissuade a reasonable employee from engaging in protected activity, including complaining about wage violations or pursuing

legal claims under the FLSA.

92. There is a direct causal connection between Plaintiff's protected activity and Defendants' retaliatory conduct, as Defendants' actions occurred shortly after Plaintiff asserted his wage claims and were motivated by retaliatory animus.

93. Defendants' retaliatory conduct was willful, intentional, and in reckless disregard of Plaintiff's federally protected rights.

94. As a direct and proximate result of Defendants' unlawful retaliation, Plaintiff has suffered and continues to suffer damages, including but not limited to lost employment opportunities, economic loss, reputational harm, emotional distress, and other compensable damages.

95. Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

**WHEREFORE**, Plaintiff seeks a judgment against Defendants for violation of 29 U.S.C. §215(a)(3); as well as back pay, an equal amount in liquidated damages, front pay, compensatory damages, punitive damages, reasonable costs and attorneys' fees and all other equitable relief this Court deems just.

**COUNT IV - RETALIATION IN VIOLATION OF Fla. Stat. §448.110(5)**

96. Plaintiff realleges and incorporate by reference paragraphs 1-95 as though fully and completely set forth herein.

97. Florida law prohibits employers from discharging or otherwise retaliating against any employee for asserting rights to recover unpaid minimum wages

or for engaging in protected activity under Fla. Const. Art. X, § 24 and Fla. Stat. § 448.110(5).

98. Prior to filing the instant lawsuit, Plaintiff engaged in protected activity under the Florida Constitution by asserting his rights to recover unpaid minimum wages and unlawfully retained tips, including by sending a formal demand letter to Defendants outlining the violations at issue.

99. Defendants had actual knowledge of Plaintiff's protected activity, as the demand letter was directed to and received by Defendants and/or their owners and management personnel.

100. Following Plaintiff's protected activity, Defendants, through their owners and/or agents, engaged in materially adverse actions against Plaintiff, including contacting Plaintiff's current and prospective employers and making statements intended to interfere with Plaintiff's employment and future employment opportunities, including threats to seek "revenge."

101. Defendants' conduct constitutes unlawful retaliation under Fla. Stat. § 448.110(5).

102. There is a direct causal connection between Plaintiff's protected activity and Defendants' retaliatory conduct, as Defendants' actions occurred shortly after Plaintiff asserted his wage claims and were motivated by retaliatory animus.

103. Defendants' retaliatory conduct was willful, and Defendants knew or

should have known that their actions violated Fla. Stat. § 448.110(5).

104. Defendants' actions would dissuade a reasonable employee from engaging in protected activity, including complaining about wage violations or pursuing legal claims under Florida law.

105. As a direct and proximate result of Defendants' unlawful retaliation, Plaintiff has suffered and continues to suffer damages, including but not limited to lost employment opportunities, economic loss, reputational harm, emotional distress, and other compensable damages.

106. Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

**WHEREFORE**, the Plaintiff seeks a judgment against Defendants for violation of Fla. Stat. §448.110(5); as well as back pay, an equal amount in liquidated damages, front pay, compensatory damages, punitive damages, reasonable costs and attorneys' fees and all other equitable relief this Court deems just.

**<u>JURY TRIAL DEMAND</u>**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted on this 2nd day of June, 2026.

*<u>/s/ Jeanie Kang</u>*
Jeanie Kang, Esq.
Bar No.: 106979
JKANG LEGAL, P.A.

114 Pauls Drive
Brandon, Florida 33511
Tel: (813) 252-0822
E-Mail: Jeanie.Kang@JKangLegal.com

*Trial Attorneys for Plaintiff and the Putative Class/Collective*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of June 2026, the foregoing document is being served on this day on all counsel of record, via transmission of Notices of Electronic filing generated by the CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**JKang Legal, P.A.**

By: /s/ *Jeanie Kang*

Jeanie Kang, Esq.